```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/20/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

DIALLO HAMADOU, MUHAMMAD
SHAHJAHAN, and FRANK ASIEDU, on behalf
of themselves individually, and on behalf of all
others similarly situated,

             Plaintiff,

-against-

HESS CORPORATION, HESS MART, INC.,
MAMADOU GUEYE, TOUS PHILLIP, JORGE
BALL, ABC CORPORATION, and JOHN
DOES 1-3,

             Defendant.

------------------------------------- X

No. 12 Civ. 0250 (CM)(JLC)

**STIPULATION AND ORDER
REGARDING CONFIDENTIAL
INFORMATION**

WHEREAS, Plaintiffs Diallo Hamadou, Muhammad Shahjahan and Frank Asiedu ("Plaintiffs") and Defendants Hess Corporation, Hess Mart, Inc., Mamdou Gueye and Philip Tous ("Defendants") (collectively "the parties") are presently engaged in discovery in the above-captioned matter; and

WHEREAS, the parties consider certain of the information and/or documents which will be sought in discovery in this matter, to be of a confidential nature, including, but not limited to, documents pertaining to employee personnel information, compensation information and certain business information;

WHEREAS, the documents the parties wish to mark as Confidential are not accessible under relevant freedom of information laws, do not pertain to public health and/or safety issues, and do not concern public entities or officials; and

WHEREAS, the parties have agreed to the entry of this Stipulation and Order to permit Plaintiffs and Defendants to discover information deemed confidential pursuant to procedures protecting the confidentiality of such information;

IT IS HEREBY STIPULATED AND AGREED as follows:

1. "Confidential Information" as used herein, means any type or classification of information designated as "confidential" by the party producing it, based on the designating party's good faith belief that it is confidential, whether it be a document, information contained in a document, information revealed in an interrogatory response, information revealed during a deposition or information contained in, or communicated through, any other medium or means. "Confidential Information" as used herein means any document or information which is not generally available and in which the designating party has a legitimate interest in maintaining confidentiality.

2. "Qualified Person" as used herein means: (a) Plaintiffs; (b) Defendants; (c) the parties' counsel; (d) any expert, expert's staff or third party employed or retained by the parties or the parties' counsel for the purpose of assisting the parties in the prosecution and/or defense of this litigation; (e) the Court (including any clerk, stenographer or other person having access to any Confidential Information by virtue of his or her position with or affiliation with the Court); (f) any stenographer or court reporter retained by either party for purposes of recording testimony; and (g) any other person to whom counsel for the parties agree in writing.

3. Counsel for the parties shall designate discovery materials produced in the course of discovery as Confidential Information by marking or stamping such discovery materials with the word "CONFIDENTIAL" or, in the case of deposition testimony, by noting that certain testimony shall be "Confidential" within the meaning of this Stipulation and Order at the

deposition or in writing within thirty (30) days of the conclusion of the deposition. Deposition testimony is to be treated as confidential for the for the thirty (30) day period following the conclusion of the deposition.

    4.    Access to/disclosure of Confidential Information properly designated as "CONFIDENTIAL" shall be limited only to Qualified Persons. Such access to/disclosure of Confidential Information to Qualified Persons shall only be permitted or made to the extent counsel in good faith believes that such access or disclosure is reasonably necessary to the prosecution or defense of this litigation, and in the case of Qualified Persons described in paragraphs 2(d) and 2(f) above, only after execution by such persons of a written Acknowledgment in the form attached hereto as Exhibit A.

    5.    Each Qualified Person will maintain Confidential Information in confidence and will not reveal any Confidential Information to any person who is not a Qualified Person without the prior written consent of the designating party's counsel or an order by the Court authorizing such disclosure. Confidential Information shall be used only for the purposes of this litigation (not any other judicial or other proceeding) and for no other purpose whatsoever, and shall not be disclosed, given, shown, discussed or otherwise divulged or communicated to any person or entity except as provided herein.

    6.    In the event a party's counsel disagrees with any designation of "Confidential Information" or considers it necessary to disclose Confidential Information to persons other than as permitted herein, counsel for the parties shall confer and attempt to resolve the matter informally. If they are unable to do so, application may be made to the Court for a determination whether particular documents or other information should be treated as Confidential Information or whether the disclosure of the information shall be permitted. The information in question

shall be treated as Confidential Information and subject to the terms of this Stipulation and Order, until otherwise agreed to by the parties or ordered by the Court.

7. The disclosure of a document or information without designating it as Confidential Information shall not constitute a waiver of the right to designate such document or information as Confidential Information provided that the material is designated pursuant to the procedures set forth herein no later than that latter of fourteen (14) days after the close of discovery or fourteen (14) days after the document or information's production. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Counsel for the parties may, in the course of deposing a person who is not a Qualified Person, show the witness Confidential Information and examine the witness concerning such information provided that (a) the witness is informed that the information is confidential and is instructed that such confidentiality must be maintained; and (b) no persons are present during those portions of the examination concerning Confidential Information except the witness, Qualified Persons, the parties' counsel, and a court reporter.

9. If so designated in accord with paragraph 3 above, the transcript of deposition testimony deemed Confidential Information shall be bound separately, marked by the court reporter "CONFIDENTIAL" and treated as Confidential Information subject to the terms of this Stipulation and Order.

10. Confidential Information once disclosed may be copied only to the extent necessary to permit its use in accordance with the terms of this Stipulation and Order.

11. Either party may use information or documents designated as Confidential Information during any trial of this action. The parties will in advance confer in good faith to

agree upon a method (subject to the Court's approval) to protect such Confidential Information during such proceedings; if the parties are unable to agree upon a method to protect such Confidential Information, either party may apply to the Court for a mechanism to maintain the confidentiality of discovery material designated as Confidential Information.

12. This Stipulation and Order has no effect upon, and its scope shall not extend to, either party's use or disclosure of its own Confidential Information.

13. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal to the extent permitted by law (including without limitation any applicable rules of court) and kept under seal until further order of the Court. To the extent the Court requires any further act by the parties as a precondition to the filing of documents under seal (beyond the submission of this Stipulation and Order Regarding Confidential Information), it shall be the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition. Where possible, only confidential portions of filings with the Court shall be filed under seal.

14. Within thirty (30) days of the conclusion of this action (including appeals, if any), all Confidential Information, and all documents containing Confidential Information, in the possession of any Qualified Person or any other person who has received such documents pursuant to this Stipulation and Order, shall be destroyed or returned to the producing party's counsel, together with all copies, extracts and summaries thereof, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential in perpetuity consistent with the terms of this Stipulation and Order.

15. This Stipulation and Order may be amended by further Stipulation, or if the parties are unable to agree, by the Court on the application of either party.

16. This Stipulation and Order shall extend beyond the final conclusion of this Action, and shall remain in full force and effect until modified, superseded, or terminated by written agreement of the parties or by Order of the Court.

17. This Stipulation and Order shall be binding on the parties, their counsel, all Qualified Persons, and all other persons having knowledge of its terms. It is enforceable by the contempt power of the United States District Court for the Southern District of New York and by any other sanction deemed appropriate by the Court.

18. The court retains the right to allow disclosure of any subject covered by this Stipulation and Order or to modify this Stipulation and Order at any time in the interest of justice.

Dated: May __, 2012

By: _____

Benjamin B. Xue, Esq.
Brian J. Shenker, Esq.
Xue & Associates, P.C.
401 Broadway, Suite 1009
New York, New York 10013
*Attorneys for Plaintiffs Diallo Hamadou, Muhammad Shahjahan and Frank Asiedu*

By: _____

Marvin M. Goldstein, Esq.
Edna D. Guerrasio
Proskauer Rose LLP
One Newark Center
Newark, NJ 07102
*Attorneys for Defendants Hess Corporation, Hess Mart, Inc., Mamdou Gueye and Philip Tous*

### THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten day period, identify to the court any portion of the decision that one or more of them believe should be redacted, that provide the court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

**SO ORDERED:**

_____
Hon. Colleen McMahon, U.S.D.J.

Hon. James L. Cott, U.S.M.J.        June 19, 2012

7