USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/3/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIALLO HAMADOU, MUHAMMAD SHAHJAHAN, and FRANK ASIEDU, on behalf of themselves individually, and on behalf of all others similarly situated,

    Plaintiffs,

-against-

HESS CORPORATION, HESS MART, INC., MAMADOU GUEYE, TOUS PHILLIP, JORGE BALL, ABC CORPORATION, and JOHN DOES 1-3,

    Defendants.

No. 12-CV-0250 (JLC)

**ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT,
PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS,
APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND
APPROVAL OF PLAINTIFFS' PROPOSED NOTICES OF SETTLEMENT**

WHEREAS, the above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Settlement, Provisional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notices of Settlement ("Motion for Preliminary Approval") (Dkt. No. 136);

WHEREAS, Defendants agreed, for settlement purposes only, not to oppose the Motion for Preliminary Approval;

WHEREAS, the Court has read and considered the proposed Class Settlement, and it "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval," *In re Initial Public Offering Securities Litigation*, 226 F.R.D. 186, 191 (S.D.N.Y. 2005) (citations omitted);

WHEREAS, "[p]reliminary approval [] requires only an 'initial evaluation' of the

fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties," *Lizondro-Garcia v. Kefi LLC*, 300 F.R.D. 169, 179 (S.D.N.Y. 2014) (quotation omitted); and

WHEREAS, the parties have consented pursuant to 28 U.S.C. § 636(c) to have the undersigned conduct all proceedings and enter a final order and judgment with respect to the motions for preliminary and final approval of this class action settlement (Dkt. No. 127);

**IT IS HEREBY ORDERED AS FOLLOWS:**

**I.      Preliminary Approval of Settlement**

1. Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of their Motion for Preliminary Approval ("Mem.") (Dkt. No. 137), the Declaration of Justin M. Swartz dated January 16, 2015 ("Swartz Decl.") (Dkt. No. 138), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement") between Plaintiffs Hamadou Diallo, Muhammad Shahjahan, and Frank Asiedu (together, "Plaintiffs") and Defendants Hess Corporation, Hess Mart, Inc., Mamadou Gueye, Tous Phillip, Jorge Ball, ABC Corporation, and John Does 1-3 (together, "Defendants" or "Hess") attached to the Swartz Declaration as Exhibit A, and "so orders" all of its terms, subject to the right of any class member to challenge the fairness, reasonableness, or adequacy of the proposed Settlement Agreement.

2. The Court concludes that the proposed Settlement Agreement is within the range of reasonable settlement results, such that notice to class members is appropriate. The Court will hold a hearing as to its fairness at a later date, as provided in paragraph 14(f) below.

3. The Court further finds that the proposed Settlement Agreement is the result of

extensive, arm's-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions. *See* Swartz Decl. ¶ 15.

## II. Conditional Certification of the Proposed Rule 23 Settlement Class

4.  The Court provisionally certifies the following class under Rule 23(e) of the Federal Rules of Civil Procedure for settlement purposes ("Settlement Class"):

> all individuals who were employed at any point in time as Sales Associates by Defendant Hess Corp. within Hess Stations located in Hess Territories 8 and 10 of Region 2 from January 16, 2006 through May 23, 2013.

5.  The Court provisionally concludes that Plaintiffs meet all of the requirements for class certification under Rules 23(a) and (b)(3), as follows:

    a.  Plaintiffs satisfy Rule 23(a)(1) because there are approximately 441 Rule 23 class members and, thus, joinder is impracticable.

    b.  Plaintiffs satisfy Rule 23(a)(2) because they and the class members share common issues of fact and law, including whether Defendants failed to pay them overtime wages in violation of state wage and hour laws.

    c.  Plaintiffs satisfy Rule 23(a)(3) because Plaintiffs' claims for overtime pay arise from the same factual and legal circumstances that form the bases of the class members' claims.

    d.  Plaintiffs satisfy Rule 23(a)(4) because there are no fundamental conflicts between the Plaintiffs' and class members' interests.

    e.  Plaintiffs' Counsel, Outten & Golden LLP ("O&G"), Fitapelli & Schaffer ("F&S"), and Xue & Associates ("Xue"), also meet Rule 23(a)(4)'s adequacy requirement and are well qualified to represent the class.

    f.  Plaintiffs satisfy Rule 23(b)(3) because factual allegations and a common

legal theory predominate over any factual or legal variations among class members. Class adjudication of this case is also superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually.

6. The Court notes that it previously conditionally certified this case as a collective action under the Fair Labor Standards Act ("FLSA"), as amended. *See* Dkt. No. 48.

### III. Appointment of Plaintiffs' Counsel as Class Counsel

7. The Court appoints O&G, F&S, and Xue (together, "Plaintiffs' Counsel") as Class Counsel because they meet all of the requirements of Rule 23(g). Specifically, it appears that Plaintiffs' Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and class members' claims.

8. Moreover, courts have found both O&G and F&S to be adequate class counsel in numerous employment law class actions. *See* Mem. at 21 (citing cases). While the record is not fully developed on the subject, it appears that Xue is also qualified. *See id.*

### IV. Class Notice

9. The Court approves the New York Labor Law ("NYLL") Settlement Notice and the Opt-in Settlement Notice ("Proposed Notices") (Dkt. Nos. 138-2, 138-3), and directs their distribution to the New York Labor Law Class and the Opt-in Plaintiffs, as defined in the Settlement Agreement, respectively.

10. The content of the Proposed Notices sufficiently complies with due process and Rule 23.

11. Pursuant to Rule 23(c)(2)(B), a notice must provide:

4

the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

12. The Proposed Notices satisfy each of these requirements and adequately put class members on notice of the proposed settlement. The Proposed Notices also satisfy the collective action requirements of the FLSA and adequately put collective action members on notice of the proposed settlement.

13. The Proposed Notices are also adequate because they describe the terms of the settlement, inform the class about the allocation of attorneys' fees, and provide specific information regarding the date, time, and place of the final approval hearing.

## V. Class Action Settlement Procedure

14. The Court hereby adopts the following settlement procedure and approval process, consistent with the terms that the parties have agreed to in the Settlement Agreement:

    a. Within 25 business days of the date of this Order, the Claims Administrator shall email and mail the NYLL Settlement Notice to all New York Labor Law Class Members;

    b. New York Labor Law Class Members will have 60 days from the date the Notice is mailed to submit a Claim Form, opt out of the settlement, or object to it;

    c. Within 25 business days of the date of this Order, the Claims Administrator shall email and mail the Opt-in Settlement Notice to all Opt-in Plaintiffs;

    d. Opt-in Plaintiffs will have 60 days from the date the Notice is mailed to opt out of the settlement or object to it;

  e.  Plaintiffs will file a Motion for Final Approval of Settlement no later than 15 days before the fairness hearing;

  f.  The Court will hold a fairness hearing on **June 2, 2015 at 10:00 a.m.** at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, Courtroom 21D;

  g.  If the Court grants Plaintiffs' Motion for Final Approval of Settlement, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be thirty (30) days following the Court's Order Granting Final Approval of Settlement;

  h.  If rehearing, reconsideration, or appellate review is sought, the "Effective Date" shall be the date of the Court's entry of a Final Order and Judgment after resolving any appeals;

  i.  The Claims Administrator will disburse settlement checks to the class members, Class Counsel's attorneys' fees and expenses to Class Counsel; the Service Awards, and the Claims Administrator's fee within three (3) days of the Effective Date; and

  j.  The parties shall abide by all terms of the Settlement Agreement.

In light of this Order, the Clerk is directed to close the Motion for Preliminary Approval of Settlement at Docket Number 136.

**SO ORDERED.**

Dated: New York, New York
   February 3, 2015

JAMES L. COTT
United States Magistrate Judge