# Exhibit A

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Juno Turner
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Brian S. Schaffer
Frank Mazzaferro
475 Park Avenue South
New York, NY 10016
Telephone: (212) 300-0375

**XUE & ASSOCIATES, P.C.**
Benjamin B. Xue, Esq.
1001 Avenue of the Americas
11th Floor
New York, New York 10018
Telephone: (212) 219-2275

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIALLO HAMADOU, MUHAMMAD SHAHJAHAN, and FRANK ASIEDU, on behalf of themselves individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>HESS CORPORATION, HESS MART, INC., MAMADOU GUEYE, TOUS PHILLIP, JORGE BALL, ABC CORPORATION, and JOHN DOES 1-3,<br><br>Defendants. | No. 12 Civ. 0250 (JLC) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVAL OF THE FLSA SETTLEMENT, AND APPROVAL OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS**

This matter came before the Court on Plaintiffs' Motion for Certification of the Settlement Class, Final Approval of Class Settlement, Approval of the FLSA Settlement, and Approval of Attorneys' Fees, Reimbursement of Expenses, and Service Awards ("Motion for Final Approval"). Defendants agreed, for settlement purposes only, not to oppose the motion.

1.  Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support

of their Motion for Final Approval, the Declaration of Justin M. Swartz, Esq. ("Swartz Decl."), and all other papers submitted in connection with Plaintiffs' Motion for Final Approval, the Court grants final approval of the settlement memorialized in the Settlement Agreement and Release ("Settlement Agreement") between Plaintiffs Hamadou Diallo, Muhammad Shahjahan, and Frank Asiedu (together, "Plaintiffs") (together, "Plaintiffs"), and Defendants Hess Corporation, Hess Mart, Inc., Mamadou Gueye, Tous Phillip, Jorge Ball, ABC Corporation, and John Does 1-3 ("Hess") (together "Defendants"), attached to the Swartz Decl. as Exhibit A, and so orders all of its terms.

      2.      The Court certifies the following class under Fed. R. Civ. P. 23(e) ("Settlement Class"):

> All individuals who were employed by Hess as a Sales Associate in Hess gas stations located in Hess Territories 8 and/or 10 of Region 2 in New York ("Covered Territories") between January 12, 2006 and May 23, 2013.

      3.      Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

      4.      In addition, Plaintiffs' Counsel also meet the adequacy requirement of Rule 23(a)(4).

      5.      The Court approves the Fair Labor Standards Act settlement. The settlement is the product of contested litigation to resolve bona fide disputes.

      6.      The Court previously appointed Outten & Golden LLP ("O&G"), Fitapelli & Schaffer, LLP ("F&S"), and Xue & Associates, P.C. ("Xue"), as Class Counsel. O&G and F&S are experienced class action employment lawyers with good reputations among the employment law bar. Xue is also well-versed in wage and hour matters. Class Counsel's application for attorneys' fees and costs in the amount of $230,450.00, which is one-third of the settlement fund,

is hereby granted.  The fee award is justified by the work that Class Counsel did negotiating the settlement and conducting the litigation, the ultimate recovery, and the risk that Class Counsel undertook in bringing the claims.  The attorneys' fees and costs shall be paid from the Settlement Fund.

7. The Court finds reasonable the service awards for Named Plaintiffs Hamadou Diallo, Muhammad Shahjahan, and Frank Asiedu in the amount of $10,000 each and service awards for Opt-in Plaintiffs Michelle DeMarco, David Imperato, and Barra Kahn in the amount of $1,000 each in recognition of the services they rendered on behalf of the class.  These amounts shall be paid from the Settlement Fund.

8. If no party appeals this Order, the "Effective Date" of the settlement will be 30 days after the Order is entered.

9. If an individual or party appeals this Order, the "Effective Date" of the Settlement will be the day after all appeals are finally resolved.

10. The Claims Administrator will disburse settlement checks to Class Members, Court-approved attorneys' fees and costs, and Court-approved service awards within three (3) days of the time to appeal the Final Approval Order and Judgment for Dismissal has expired.

11. The Court will retain jurisdiction over the interpretation and implementation of the Settlement Agreement.

12. The parties shall abide by all terms of the Settlement Agreement.

It is so ORDERED this _____ day of _____, 2015.

_____
Honorable James L. Cott
United States Magistrate Judge