USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/18/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIALLO HAMADOU, MUHAMMAD SHAHJAHAN, and FRANK ASIEDU, on behalf of themselves individually, and on behalf of all others similarly situated,

    Plaintiffs,

-against-

HESS CORPORATION, HESS MART, INC., MAMADOU GUEYE, TOUS PHILLIP, JORGE BALL, ABC CORPORATION, and JOHN DOES 1-3,

    Defendants.

No. 12 Civ. 0250 (JLC)

### FINAL ORDER AND JUDGMENT GRANTING PLAINTIFFS' MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT AND THE FLSA SETTLEMENT, AND GRANTING PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND FOR SERVICE AWARDS

WHEREAS, on February 3, 2015, the Court entered an Order (the "Preliminary Approval Order") preliminarily approving the Joint Stipulation of Settlement and Release (the "Settlement Agreement")[1] and authorizing dissemination of notice (the "Notice") to the Class (Dkt. No. 139);

WHEREAS, the third-party administrator in this action, Rust Consulting, Inc., thereafter mailed the court-approved Notice to all Class Members (Declaration of Justin M. Swartz, Esq. in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement ("Motion for Final Approval"), dated June 2, 2015 ("Swartz Dec.") (Dkt. No. 155) ¶¶ 47-50);

WHEREAS, no Class Member has opted out or objected to the Settlement (Swartz Dec., Exhibit B (Declaration of Stacy Roe ("Claims Admin. Dec.") ¶¶ 16-17);

---

[1] This Final Approval Order and Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined.

WHEREAS, pursuant to the Preliminary Approval Order, Plaintiffs filed their Motion for Final Approval on June 2, 2015 (Dkt. No. 149);

WHEREAS, while they deny all of the allegations made by the Named Plaintiffs in the Litigation and without admitting any liability or damages, Defendants have not opposed any of the motions Plaintiffs have submitted in support of final approval of the settlement;

WHEREAS, Defendants sent notices to federal and state authorities required by the Class Action Fairness Act ("CAFA") on or about March 4, 2015 and the 90-day CAFA notice period concluded on June 2, 2015 see 28 U.S.C. § 1715(d), Swartz Dec. ¶ 37;

WHEREAS, the Court, having consent jurisdiction over this matter pursuant to 28 U.S.C. § 636(c) (Dkt. No. 127), held a fairness hearing on June 17, 2015 (the "Fairness Hearing"); and

WHEREAS, the Court has considered the Motion for Final Approval; the supporting memorandum of law, the Swartz Declaration and the exhibits thereto, and all other papers submitted in connection with Plaintiffs' Motion for Final Approval, oral argument presented at the Fairness Hearing and the complete record in this matter; for the reasons set forth therein and stated on the record at the Fairness Hearing, and for good cause shown;

**IT IS HEREBY ORDERED and ADJUDGED as follows:**

**Certification of the Settlement Class**

1. The Court certifies the following class under Rule 23(e) of the Federal Rules of Civil Procedure for settlement purposes consistent with section 1.22 of the Settlement Agreement:

> All individuals who were employed by Hess as a Sales Associate in Hess gas stations located in Hess Territories 8 and/or 10 of Region 2 in New York between January 12, 2006 and May 23, 2013.

2

2. Plaintiffs meet all of the requirements for class certification under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

3. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(1) because the Class includes approximately 441 Members and thus joinder is impracticable.

4. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(2) because the Class Members share common issues of fact and law, including but not limited to whether Defendants failed to pay Plaintiffs and the New York Labor Law Class wages for all of the hours they worked in violation of state wage and hour laws.

5. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(3) because each Class Member's claim arises from the same course of events, as each worked for Hess as a sales associate and alleges the same violation of the law: Defendants' failure to properly pay minimum wages and overtime for hours worked "off-the-clock."

6. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(4) because there is no evidence that the Named Plaintiffs and the Class Members' interests are at odds. Plaintiffs Diallo Hamadou, Muhammad Shahjahan, and Frank Asiedu are adequate representatives of the proposed Class, and have fairly and adequately protected the interests of all Class Members.

7. In addition, Plaintiffs satisfy Fed. R. Civ. P. 23(b)(3). The record before the Court demonstrates that common factual allegations and a common legal theory predominate over any factual or legal variations among Class Members. Here, all members of the Class are unified by common factual allegations – that all Class Members were not paid minimum wages and overtime for all of the hours that they worked. The Class is also unified by a common legal theory – that these wage and hour policies violated federal and New York state law. Moreover, class adjudication of this case is superior to individual adjudication because it will conserve

judicial resources and is more efficient for Class Members, particularly those who lack the resources to bring their claims individually.

**Approval of the Settlement Agreement**

8. The Court grants the Motion for Final Approval and approves the settlement and all terms set forth in the Settlement Agreement under Rule 23 and the Fair Labor Standards Act ("FLSA"). In doing so, the Court finds that the settlement is both procedurally and substantively fair, reasonable, adequate, and not a product of collusion. It thus satisfies the criteria for settlement approval under Rule 23 and the FLSA. See Fed. R. Civ. P. 23(e); Frank v. Eastman Kodak Co., 228 F.R.D. 174, 184 (W.D.N.Y. 2005) (quoting Joel A. v. Giuliani, 218 F.3d 132, 138-39 (2d Cir. 2000)). In making these findings, the Court has evaluated the factors set forth in City of Detroit v. Grinnell Corp., 495 F.2d 448 (2d Cir. 1974), abrogated on other grounds by Goldberger v. Integrated Resources, Inc., 209 F.3d 43 (2d Cir. 2000), and determined that they support approval of the settlement.

9. The $691,350.00 settlement amount is substantial and includes meaningful payments to Class Members. In reaching this conclusion, the Court is satisfied that the settlement was fairly and honestly negotiated. It was the result of vigorous arm's-length negotiations, which were undertaken in good faith by counsel with significant experience in litigating wage and hour class actions, and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation. See D'Amato v. Deutsche Bank, 236 F.3d 78, 85 (2d Cir. 2001) (citations omitted).

10.     The Court also gives weight to the parties' judgment that the settlement is fair and reasonable, as well as the Class's response to the settlement (in that there were no objections or exclusions).

**Dissemination of Notice**

11.     Pursuant to the Court's Preliminary Approval Order, the Notice was sent by first-class mail (and via email if available) to each identified class member at his or her last known address. (Claims Admin. Dec. ¶¶ 9-10). The Court finds that the Notice fairly and adequately advised Class Members of the terms of the settlement, as well as the right of Class Members to opt out of the class, to object to the settlement, and to appear at the fairness hearing conducted on June 17, 2015. Class Members were accordingly provided the best notice practicable under the circumstances. The Court further finds that the Notice and distribution of such Notice comported with all constitutional requirements, including those of due process.

**Approval of Attorneys' Fees and Costs**

12.     On February 3, 2015, the Court appointed Outten & Golden LLP ("O&G"), Fitapelli & Schaffer, LLP ("F&S"), and Xue & Associates, P.C. ("Xue"), as Class Counsel because they met all of the requirements of Rule 23(g) of the Federal Rules of Civil Procedure. (Preliminary Approval Order ¶¶ 7-8).

13.     Class Counsel did substantial work identifying, investigating, prosecuting, and settling the Class Members' claims.

14.     Class Counsel have significant experience prosecuting and settling wage and hour class actions, and are well-versed in both wage and hour and class action law.

15. The work that Class Counsel performed in litigating and settling this case demonstrates their commitment to the Class and to represent the Class's interests. To this end, Class Counsel committed substantial resources to prosecuting this case.

16. Class Counsel were able to use their considerable expertise in the type of claims asserted in this action to achieve an excellent result for the Class in a highly efficient manner without the need for extensive additional litigation.

17. The attorneys' fees requested in Plaintiffs' Motion for Approval of Fees and Reimbursement of Expenses (Dkt. No. 151) were entirely contingent upon success in this litigation. Class Counsel expended significant time and effort and advanced costs and expenses without any guarantee of compensation.

18. Accordingly, the Court grants Plaintiffs' motion for attorneys' fees and reimbursement of expenses, and awards Class Counsel 33.3% of the total settlement amount, or $230,450.00 as attorneys' fees and costs to be paid from the Settlement Fund.

19. The Court finds that the amount of fees requested is fair and reasonable using the "percentage-of-fund" method, which is consistent with the "trend in this Circuit." See McDaniel v. Cty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). Given all of the circumstances of this case, Class Counsel's request for 33.3% of the fund is reasonable and consistent with the norms of class litigation in this Circuit. In making this finding, the Court has considered the factors set forth in the Second Circuit's decision in Goldberger v. Integrated Res., Inc.. 209 F.3d 43, 50 (2d Cir. 2000). Finally, the so-called "lodestar cross-check" further supports the award, given that the hours worked by Class Counsel result in a lodestar well more than twice the award. Id.

6

**Approval of Service Awards**

20. The Court grants Plaintiffs' Motion for Approval of Service Awards (Dkt. No. 153) and approves a $10,000 service award, to be paid from the Settlement Fund, for Named Plaintiffs Diallo Hamadou, Muhammad Shahjahan, and Frank Asiedu, and $1,000 to Opt-In Plaintiffs Michelle DeMarco, David Imperato, and Barra Khan. These service awards are reasonable in light of the efforts these individuals expended in furthering the interests of the Class.

21. Such service awards are common in class action cases and are important to compensate plaintiffs such as those in this case for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by a plaintiff.

**Conclusion**

22. This Settlement shall be effective 30 days after entry of this Final Approval Order if no appeal is taken. If an appeal is taken in this matter, the effective date will be the day after all appeals are finally resolved. The Claims Administrator will disburse settlement checks to Class Members, court-approved attorneys' fees and costs, and court-approved service awards within three days of the time to appeal the Final Approval Order and Judgment has expired.

23. Without affecting the finality of this Final Approval Order and Judgment, the Court retains jurisdiction over this case to administer, supervise, construe, and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the parties. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein and hereby "so ordered," as well as this Final Approval Order and Judgment.

24.     The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Approval Order be, and hereby is, entered as a final order and judgment of the Court.

25.     This Final Approval Order resolves docket numbers 149, 151, and 153.  The case is dismissed with prejudice, and the Clerk is respectfully requested to close these motions and to close this case.

**SO ORDERED.**

Dated: New York, New York
       June 18, 2015

_____
JAMES L. COTT
United States Magistrate Judge